**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MMOJA AJABU, | ) | Cause No. 1:23-cv-01767-JPH-MJD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAM'S EAST, INC. d/b/a SAM'S CLUB, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SAM'S EAST, INC. D/B/A SAM'S CLUB'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant, Sam's East, Inc. d/b/a Sam's Club (hereinafter "Sam's Club"), by counsel, for its Answer to Plaintiff's Complaint for Damages, states as follows:

**The Parties**

1. The Defendant, Sam's East Inc., is a corporation originally incorporated in the state of Arkansas.

**ANSWER:** Sam's Club admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Sam's East Inc. does business under the name Sam's Club.

**ANSWER:** Sam's Club admits to the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Sam's Club is an incorporated entity of Wal-Mart.

**ANSWER:** Sam's Club admits that it is a wholly (100%) owned subsidiary of Sam's West, Inc. and that Sam's West, Inc. is a wholly owned (100%) subsidiary of Walmart, Inc. Sam's Club denies any allegation in paragraph 3 of Plaintiff's Complaint inconsistent with this answer.

4. Wal-Mart has stores in all 50 states whereas Sam's Club has stores in 44 states.

**ANSWER:** Sam's Club admits to the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Sam's Club is a popular seller of bulk groceries and household items.

**ANSWER:** Sam's Club admits that a part of its business includes the sale of bulk groceries and household items among other things.

6. Wal-Mart is available to the general public but Sam's Club is available to shoppers who are members of Sam's Club.

**ANSWER:** Sam's Club admits the allegations contained in paragraph 6 of Plaintiff's Complaint; however, by way of further response, Sam's Club membership is available to the general public.

7. Ajabu is a member of Sam's Club.

**ANSWER:** Sam's Club admits that at the time of the incident referenced in Plaintiff's Complaint, he was a Sam's Club member.

**The Incidence (sic)**

8. On or about August 7, 2023, Mmoja Ajabu was shopping in the Sam's Club location on 5805 Rockville Road in Indianapolis, Indiana.

**ANSWER:** Sam's Club admits to the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Ajabu approached the refrigerator that contained trout.

**ANSWER:** Sam's Club admits to the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. On approaching the refrigerator Ajabu noticed a Sam's Club worker that was stocking it.

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph10 and therefore denies the allegations.

11. The worker had a multiple shelf tray from which he was getting stock.

**ANSWER:** Sam's Club admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Initially the worker obstructed Ajabu's ability to obtain the trout because there was not enough room between the tray and the refrigerator for Ajabu to view the refrigerator's contents.

**ANSWER:** Sam's Club denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Ajabu waited for the worker to move so he could squeeze between the multiple shelf tray and the front of the refrigerator in order to determine which piece of trout to purchase.

**ANSWER:** Sam's Club denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Ajabu leaned into the refrigerator in order to better view and determine the weight and pricing of the trout.

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph14 and therefore denies the allegations.

15. Ajabu was startled when he was touched in a rude and insolent manner.

**ANSWER:** Sam's Club denies the allegations contained in paragraph 15 of Plaintiff's Complaint and specifically denies that Ajabu was touched in a rude and insolent manner.

16. Ajabu turned around and to see it was the employee that had bumped Ajabu's buttocks.

**ANSWER:** Sam's Club admits that Ajabu can be observed on store video turning around but denies an employee bumped Ajabu's buttocks.

17. The employee should have known as Ajabu knew that there was not enough room to get in between the tray and the refrigerator without inappropriately touching Ajabu.

**ANSWER:** Sam's Club denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. The employee before touching Ajabu in a rude and insolent manner never attempted to alert Ajabu that he needed to get by.

**ANSWER:** Sam's Club denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. The employee did not offer an apology for his rude and insolent touching of Ajabu's buttocks.

**ANSWER:** Sam's Club denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. When Ajabu confronted the employee about his rude and insolent touching of Ajabu's buttocks it was at this time that the employee offered an apology.

**ANSWER:** Sam's Club admits that an employee apologized to Ajabu, but denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21. The employee offering the apology after Ajabu confronted him indicates he knew he had rudely and insolently touched Ajabu's buttocks.

**ANSWER:** Sam's Club denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. The employee's lack of request to get passed (sic), and his lack of offering an apology until confronted is indication the contact that the employee had made with Ajabu was intentional.

**ANSWER:** Sam's Club denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Ajabu is not a homosexual and he does not participate in homosexual behavior.

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies the allegations.

24. Same sex sexual touching is against Ajabu's religious beliefs.

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies the allegations.

25. The contact that the employee made with Ajabu was offensive.

**ANSWER:** Sam's Club denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. The contact that the employee made with Ajabu was without permission.

**ANSWER:** Sam's Club denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. The law in Indiana is that any touching, however slight may constitute assault and battery. *Knight v. Indiana Ins. Co.*, 871 N.E. 2d 357 (Ind. Ct. App. 2007); *Hamilton v. State*, 145 N.E.2d 391 (Ind. 1957).

**ANSWER:** Paragraph 27 of the Plaintiff's Complaint requests Sam's Club to admit or deny questions of law, and therefore no response to this paragraph is necessary. To the extent any allegation contained in paragraph 27 can be construed as being made against Sam's Club, any such allegation is denied.

28. The employee's contact caused and is causing Ajabu emotional distress.

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies the allegations.

29. Indiana has long recognized a claim for emotional distress when accompanied by an assault or battery. *Kline v. Kline*, 64 N.E. 9 (Ind. 1902); *Golibart v. Sullivan*, 66 N.E. 188 (Ind. App. Ct. 1903).

**ANSWER:** Paragraph 29 of the Plaintiff's Complaint requests Sam's Club to admit or deny questions of law, and therefore no response to this paragraph is necessary. To the extent any allegation contained in paragraph 29 can be construed as being made against Sam's Club, any such allegation is denied.

30. After the incident, Ajabu summoned the attention of another employee and asked this employee to contact management.

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies the allegations.

31. Ajabu asked management to contact the police to make a police report.

**ANSWER:** Sam's Club admits that police were called to the store as a result of the incident about which Plaintiff complains.

32. After taking Ajabu's statement, Dexter McDonald, a Sam's employee, informed Ajabu that he could not come to Sam's Club or he would be trespassing.

**ANSWER:** Sam's Club admits that after the incident Ajabu was informed that he was no longer welcome at Sam's Club and his re-entry would be considering trespassing.

33. Ajabu paid for a membership in exchange for the right to enter Sam's Club.

**ANSWER:** Sam's Club admits that Ajabu was a member but denies that a membership confers on him some unfettered right to enter or access the store.

34. Ajabu and Sam's Club have a contract that permits Ajabu to enter Sam's Club.

**ANSWER:** Sam's Club denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Sam's Club breached the contract by denying Ajabu the right to enter Sam's Club.

**ANSWER:** Sam's Club denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Officer Goodrich gave Ajabu a yellow card indicating the case number for his request report was IP230076979.

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies the allegations.

37. Ajabu obtained the case report IP230076979 which the clerk informed Ajabu he was the unnamed suspect of "simple assault-Body waste/Fluid-Non Communicable Disease".

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies the allegations.

38. The Case Report indicates Ajabu as using "Weapon 1: Personal Weapons (hands, Feet, Teeth, Presence, Demeanor, Etc.)

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies the allegations.

39. The case report names Tameka Michelle Coleman as the victim.

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies the allegations.

40. The case report names Bradley J. Burris "Involvement: other entity".

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the allegations.

41. The case report names Dexter McDonald "Involvement: Other Entity".

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies the allegations.

42. The case report names Sams Club "Involvement: Other Entity".

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies the allegations.

43. The case report has a "Media Release Narrative:" which contains the information for which Ajabu called for an incident report to be made.

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies the allegations.

44. This Case Report is deceptive.

**ANSWER:** Sam's East Inc. is without sufficient knowledge or information as to the truth or falsity of the allegations contained in paragraph 44 and therefore denies the allegations.

45. This case Report is false.

**ANSWER:** Sam's East Inc. is without sufficient knowledge or information as to the truth or falsity of the allegations contained in paragraph 45 and therefore denies the allegations.

46. The reason for Ajabu calling police to make an incident report is located at the very end of this above-mentioned deceptive and false information and entitled as a "Media Release Narrative".

**ANSWER:** Sam's Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph46 and therefore denies the allegations.

47. Sam's employees have colluded to make a deceptive and false report.

**ANSWER:** Sam's Club denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

WHEREFORE, Defendant, Sam's East, Inc., by counsel respectfully prays that Plaintiff take nothing by way of his Complaint, for its costs incurred in defending this action and for all other just and proper relief.

**AFFIRMATIVE DEFENSES**

Defendant, Sam's East, Inc. d/b/a Sam's Club, by counsel and subject to further investigation and discovery, for its defenses to Plaintiff's Amended Complaint for Damages states as follows:

1. Sam's Club denies the allegations in the Complaint that are not specifically admitted above.

2. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. Plaintiff caused or contributed to the incident because Plaintiff initiated the contact about which he complains.

4. Plaintiff consented to the touching about which he complains.

5. Upon information and belief, Plaintiff has not suffered any damages and/or has failed to mitigate his damages as required by law.

6. The Plaintiff is barred from recovering any damages to the extent they were the proximate cause of the Plaintiff's acts, contributory or comparative negligence.

7. The alleged injuries and/or damages of which Plaintiff complains were the proximate cause of the risk voluntarily incurred and/or assumed by the Plaintiff.

8. Plaintiff's alleged injuries and damages were caused by Plaintiff's own negligence and any recovery by Plaintiff is therefore barred or should be barred or should be reduced pursuant to the Indiana Comparative Fault Act.

9. Plaintiff's Complaint is barred by Plaintiff's failure to attach a copy of the contract upon which he bases his breach of contract claims.

10. Plaintiff's Complaint is barred by the doctrine of unclean hands.

11. Sam's Club reserves the right to assert additional affirmative defenses revealed during the course of discovery.

12. Plaintiff's Complaint is frivolous, baseless and groundless. As a result, Sam's Club is entitled to recover its attorneys fees and costs incurred in the defense of this action.

WHEREFORE, Defendant, Sam's East, Inc., by counsel respectfully prays that Plaintiff take nothing by way of his Complaint, for its costs incurred in defending this action and for all other just and proper relief.

**JURY DEMAND**

Defendant, Sam's Club d/b/a Sam's Club, by counsel, demands trial by jury in this cause of action.

Respectfully submitted,

FROST BROWN TODD LLP

By: */s/ Robert B. Thornburg*
Robert B. Thornburg, #19594-02
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October, 2023, the foregoing was filed electronically. Notice of this filing will be sent to the following parties by email and/or U.S. mail, postage prepaid:

Mmoja Ajabu
P.O. Box 2696
Indianapolis, IN 46206
Ajabum12@netzero.net
*Pro Se Plaintiff*

*/s/ Robert B. Thornburg*

FROST BROWN TODD LLP
111 Monument Circle, Suite 4500
PO Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
rthornburg@fbtlaw.com